## Roberts's Estate.

*Habitual drunkard—Suspension of proceedings—Act of June* 15, 1897, *P. L.* 162.

Where a person who has been declared an habitual drunkard secures an order of court, on proof of reformation, suspending the inquisition, commission and appointment of a committee until the further order of the court, the court may, under the act of June 15, 1897, on proof that the respondent has again sunk into habitual intoxication, reinstate the proceedings.

Argued Oct. 16, 1900. Appeal, No. 111, Oct. T., 1900, by George W. Roberts, from order of C. P. Washington Co., No. 1036, in equity, reinstating proceedings. to have George W. Roberts declared an habitual drunkard. Before McCollum, C. J., Mitchell, Fell, Brown, Mestrezat and Potter, JJ. Affirmed.

Petition for an order to reinstate commission, inquisition and the appointment of a committee in proceedings for habitual drunkenness.

From the record it appeard that an inquisition taken March 27, 1899, found George W. Roberts incapable of controlling himself and managing his estate by reason of habitual drunkenness. On April 3, 1899, the court appointed Mrs. Harriet R. Workman, who was a daughter of Roberts, his committee. On May 12, 1899, the respondent presented a petition to have the proceedings suspended, averring that he had ceased the use of intoxicating liquors. Upon consideration of the testimony taken upon this application, the court on May 16, 1899, found that the respondent had "abandoned the use of intoxicating liquors and become habitually sober, and that he is now in a sound state of mind and competent to transact business and manage, control and care for his property;" and thereupon ordered "that the commission issued in this case, and the inquisition taken thereon, and the appointment of the committee and all proceedings relating thereto, be and they are hereby suspended until the further order of the court, and from this time, and until such further order, the said petitioner shall have and exercise all the powers, authority, control, rights and privileges that he would be entitled to have and exercise if the inquisition and proceedings hereby suspended had not been had."

On March 12, 1900, the respondent's wife petitioned the court to vacate the order of May 16, 1899, and to reinstate the proceedings. Upon this application the court made the following order:

And now, March 21, 1900, this cause came on to be further heard on the foregoing petition for an order reinstating the commission, inquisition taken, and the appointment of committee, etc., upon the testimony reported by W. H. McEnrue,

presented and directed to be filed; and after hearing and due consideration thereof, it being found that due service of the rule to show cause, etc., of March 12, 1900, has been made upon said George W. Roberts, with notice to Mrs. Harriet R. Workman, Mrs. Sarah S. (Roberts) Long, Miss Margaret H. Roberts and Miss Georgie Roberts, it is now found and adjudged, by the court, upon the evidence including medical testimony, that the said George W. Roberts, since the order of May 15, 1899, has again become and now is an habitual drunkard and of unsound mind, and incapable of controlling himself and of managing his estate and is in danger of wasting and destroying the same, and it is ordered, adjudged and decreed that the commission in said cause, the inquisition taken thereon, and the appointment of the committee and all proceedings relating thereto, be reinstated, and that so much of the said order of May 15, 1899, as suspended the same, be and is hereby vacated and annulled; and, the resignation of Mrs. Harriet R. Workman, as the committee of the said George W. Roberts, for the reasons set forth in her petition this day filed, is hereby accepted, she having settled her account as such committee, under the said order of May 15, 1899, which account, no exceptions having been filed thereto, has been confirmed; and it is now further ordered, adjudged and decreed that the custody and care of the person and estate of the said George W. Roberts be now committed to James I. Brownson, Esq., upon his giving security to be approved by the court in the sum of $20,000, with condition for the faithful performance of said trust, and duly to account for all property and funds that may come into his hands; and it is further ordered and directed that out of the estate of the said George W. Roberts, the said committee shall pay all the taxable costs of the proceeding for the commitment of the said George W. Roberts at No. 1083 in equity, and of this proceeding, including attorneys' fees to Boyd and E. E. Crumrine, Esqs., of $100, and the compensation of W. H. McEnrue, examiner, to wit: $10.00.

*Error assigned* was the order of the court.

*D. F. Patterson*, with him *John C. Bane*, for appellant.—We claim that the manifest intention of the law is that where there

is a finding, by either court or jury, " that the petitioner has abandoned the use of intoxicating liquors and become habitually sober, and that he is now in a sound state of mind and competent to transact business and manage, control and care for his property," he is entitled to an unqualified order setting him at liberty, if he is under restraint, and restoring to him his property; and that if upon such finding the court makes an order suspending the commission, etc., and restoring him to all the powers he would have if the commission had never issued, but qualifies that order by making it effective only until the further order of the court, such suspension must be treated as altogether superseding the proceedings, and such limitation must be treated as surplusage or unauthorized.

*T. F. Birch,* for appellees.—A commission of habitual drunkenness will not be superseded, it seems, without proof of a habit of total abstinence, continued so long as to raise a reasonable presumption that the habit has become fixed: In re Rasely, 1 Northam. 354; Kenton's Case, 5 Binn. 613.

In the absence of any statute whatever, the court has power to appoint and remove the committee of an habitual drunkard at pleasure: Vincent v. Watson, 40 Pa. 306 ; Black's Case, 18 Pa. 434.

Without a traverse of the inquisition no appeal may be had. The finding of the court like the finding of a jury established the fact that the person is an habitual drunkard, except that such finding under the act of June 15, 1897, affirmatively by a jury is advisory only to the court. " The legal consequences flow from that fact, and not from any supposed or actual capacity of the habitual drunkard to manage his business well. When the habit of drunkenness is found, the law itself establishes the incapacity:" McGinnis v. Com., 74 Pa. 245.

PER CURIAM, January 7, 1901:

The appellant's counsel do not question the validity of the proceedings which resulted in his confinement and the appointment of a committee charged with the custody and care of his person and property, but they contend that a suspension of the inquisition, commission and appointment of committee operates as a bar to all previous proceedings and prevents a reinstate-

ment of them at any time or in any form. It is quite clear, however, that this view of the case is not warranted by the amendatory act of June 15, 1897, the examination of which plainly shows that the reinstatements complained of were authorized by it. The suspension evidenced by the decree of May 15, 1899, was not an abandonment of the proceedings instituted on the 20th of March, 1899. It was intended and regarded as a test of the permanence of the reformation claimed by the appellant subject to the further order of the court. It was clearly within the power of the court to direct that the proceedings be suspended, superseded or determined as in the exercise of a sound discretion it was authorized to do. The reservation of the right to reinstate the suspended proceedings appears in the decree to which reference herein has already been made, and in the amendatory act on which the appellant's counsel base their claim. No demand for a jury trial has been made by the appellant or his counsel, and neither of them has at any time denied that the alleged reformation on which the proceedings were suspended was sunk in the habitual intoxication of the appellant soon after his resumption of the habit which resulted in his first confinement. Upon a careful examination of the case we fail to discover in it any cause for setting aside the reinstatement of the proceedings complained of.

Decree affirmed and appeal dismissed at the costs of the estate of the appellant.